## TEXAS EMPLOYERS' INS. ASS'N v. VILLARREAL et al.    (No. 9051.)

Court of Civil Appeals of Texas.    Galveston.
Dec. 20, 1927.

**1. Master and servant ⬦417(5)—Evidence that employee filed claim for compensation within 6 months after injury held for jury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306-8309]).**

Evidence to show that injured employee filed claim for compensation with Industrial Accident Board within 6 months after injury, as required by Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306-8309), *held* sufficient to warrant submission to jury.

**2. Master and servant ⬦417(5)—Evidence that injury caused hernia which did not exist before injury held for jury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306]).**

Evidence to show that compensation claimant's injury resulted in hernia, that hernia appeared suddenly and immediately following injury, that it did not exist in any degree prior to injury, and that injury was accompanied by pain *held* sufficient to warrant submission to jury, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306).

**3. Master and servant ⬦417(5)—Evidence that claimant had hernia prior to injury held insufficient for jury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306]).**

Evidence to show that employee was suffering from hernia prior to injury *held* insufficient to warrant submission to jury, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306).

**4. Master and servant ⬦385(1)—Where employee had worked only 7 months, compensation was to be computed on basis of average wage of other employees (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8309, § 1, first subd. 2]).**

Where employee had been working for employer for only 7 months at time of injury, compensation could not be computed on basis

of his weekly wage, but was to be computed on basis of average wage earned by other employees of same class working substantially the whole of the year preceding the injury in the same or similar employment in the same or a neighboring place, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8309, § 1, first subd. 2).

5. Master and servant ☞405(6)—Award of compensation on basis of average wage of other employees was error, where there was no evidence of amount (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8309, § 1, first subd. 2]).

Award of compensation to injured employee was error where employee was entitled to compensation on basis of average wage earned by other employees of same class, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8309, § 1, first subd. 2), and there was no evidence introduced as to amount of such wage.

6. Master and servant ☞418(7)—Where there is no evidence of average wage of other employees to authorize compensation, appellate court will remand cause (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8309, § 1, first subd. 2]).

Where there is no evidence introduced as to amount of average wage received by other employees of same class and such evidence is necessary to fix compensation to injured employee, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8309, § 1, first subd. 2), Court of Civil Appeals will remand cause rather than render judgment.

Appeal from Galveston County Court; E. B. Holman, Judge.

Suit to set aside an award of workman's compensation brought by the Texas Employers' Insurance Association against Manuel Villarreal, who with his attorney brought a cross-action against plaintiff. From a judgment awarding compensation, plaintiff appeals. Reversed and remanded.

Morris, Sewell & Morris, of Houston, for appellant.

LANE, J. On the 31st day of January, 1926, appellee Manuel Villarreal, was an employee of the Galveston Gas Company, a subscriber under the provisions of the Workmen's Compensation Act of the state of Texas. On said date the said gas company held a policy of insurance issued by the appellant, Texas Employers' Insurance Association, under terms and provisions of law relative to indemnity insurance provided by the Workmen's Compensation Act, which was on said date in full force and effect.

On said 30th day of January, 1926, while in the performance of his labors as an employee of said gas company, Villarreal suffered an injury, and on the same day or a few days thereafter he gave notice of such injury to the gas company.

On the 26th day of May, 1926, about 4 months after such injury occurred, the Industrial Accident Board of Texas made an award to appellee against appellant, wherein it is recited that appellee had suffered an injury on the 30th day of January, 1926, while engaged in the course of his employment with the Galveston Gas Company; that the award was made upon a claim for compensation made and asserted by M. Villarreal against the Texas Employers' Insurance Association.

In due time and after due notice, the Texas Employers' Insurance Association brought this suit in the county court of Galveston county to set aside the award made by the Industrial Accident Board to Villarreal.

Manuel Villarreal and his attorney, Marsence Johnson, filed an answer and cross-action against the appellant, alleging that Manuel Villarreal was an employee of the Galveston Gas Company and was injured in the course of his employment, and as a result of such injury he suffered a hernia, for which he claimed compensation; and that by reason of such injury he was entitled to 26 weeks' compensation.

Appellant filed an answer to appellee's cross-action, which consisted of a general demurrer and a general denial of all the allegations in such cross-action.

The cause was tried before a jury. When both parties rested, the insurance association requested a peremptory instruction in its favor, which was refused by the court, and at the request of the defendants the court instructed the jury to return a verdict in favor of Villarreal for the full amount claimed by him, being the same amount as was awarded to him by the Industrial Accident Board. Upon the return of such verdict, the court rendered judgment in favor of Villarreal and his attorney for $323.97, representing 26 weeks' compensation. From such judgment the Texas Employers' Insurance Association has appealed.

For cause of reversal of the judgment, appellant contends that the trial court erred in refusing its request for an instructed verdict in its favor:

First, because there was no evidence that appellee filed a claim for compensation with the Industrial Accident Board within 6 months after the injury occurred, as required by the Workmen's Compensation Act of Texas.

Second, because there can be no recovery for hernia, same being the trouble complained of by appellee, under the Workmen's Compensation Act, unless such hernia appeared suddenly and immediately following the alleged injury, and there was no evidence showing that the hernia appeared suddenly and immediately following the injury.

Third, that the undisputed evidence shows

that the hernia of which appellee Villarreal complained existed in some degree prior to the time the injury complained of occurred, and, since article 8306 of the Revised Civil Statutes provides that "in all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board: (1) That there was an injury resulting in hernia. (2) That the hernia appeared suddenly and immediately following the injury. (3) That the hernia did not exist in any degree prior to the injury for which compensation is claimed. (4) That the injury was accompanied by pain"—appellee was not entitled to a recovery in this case.

Fourth, appellant also contends that should it be in error in the contentions above stated, the judgment should be reversed and the cause remanded, in that the evidence as to whether the hernia complained of existed in any degree prior to the injury was conflicting, and therefore the court erred in not submitting that issue to the jury, and in instructing a verdict for appellee.

Fifth, appellant also contends that the judgment should be reversed and the cause remanded, in that the undisputed evidence shows that appellee was only in the service of the Galveston Gas Company for 7 months, which was not substantially the whole of the year preceding his injury, therefore his weekly wage should not have been used as a basis to fix his compensation, and the court erred in using such wage as such basis, instead of using for such purpose the weekly wage of other employees in the same or similar employment in the same vicinity, and in that there was no evidence showing what wage such other persons were receiving.

We shall dispose of the contentions made in the order named.

[1] We overrule the first contention. The undisputed evidence shows that Villarreal was injured on the 30th day of January, 1926; that his claim was before the Industrial Accident Board on the 26th day of May of said year; and that on said date the Accident Board made its award on the claim.

[2] We overrule the second contention. Appellee testified that he was working for the Galveston Gas Company on the 30th day of January, 1926, and that on said date, while engaged in the course of his employment, he received the injury of which he complained; that during the time he worked for the gas company he was not sick until the time of his injury on January 30, 1926; that he had never had anything the matter with his privates before he got hurt on said date; that his injury resulted from his lifting heavy ties; that when he raised a tie he felt the pain in his left side; that when he felt the pain he dropped the tie and found that he could work no longer.

Dr. W. L. Hoecker testified that he examined Villarreal on the 1st day of February, 1926, the day after he received his injury, and found a suspicion of hernia; that it was beginning, but as it was not pronounced he said nothing about it; that on the next day when he examined Villarreal the hernia was larger, and on the third day a layman could have made a diagnosis of hernia; that when he examined appellee he was suffering a hernia or rupture. Testifying further, the witness said:

"From my training in the Medical Department of the University of Texas and my interneship and my general practice, I will state that at the time I examined this man he was suffering from a hernia. From my examination and from my experience, in my opinion, I think that the hernia was a fresh one, because the first day it was hardly noticeable. It did continue to progress, until any layman could have told that he had a rupture. There was absolutely no doubt in my mind that he had a rupture."

Under such state of facts, it cannot be said that there was no evidence showing that the injury complained of resulted in a hernia; that such hernia appeared suddenly and immediately following the injury; that the hernia did not exist in any degree prior to the injury; and that the injury was accompanied by pain. It therefore follows that appellant's contention that there was no evidence showing such facts should not be sustained.

We also overrule appellant's third contention. The undisputed evidence does not show, as asserted by appellant, that the hernia did in some degree exist prior to the injury.

We overrule appellant's contention that the evidence, as to whether the hernia existed in some degree prior to the occurrence of the injury complained of, was conflicting and therefore the court erred in instructing a verdict for appellee and in not submitting such issue to the jury.

We have already shown that both appellee Villarreal and Dr. Hoecker, who examined him immediately after the injury, testified that the hernia did not exist prior to the injury, and the only evidence offered for the purpose of showing that it existed prior to such injury was the testimony of Dr. J. G. Flynn, the effect of which was that he was employed by the Galveston Gas Company to operate on Villarreal; that he operated on him on the 9th of February, 1926; that upon examination he found that Villarreal was suffering with a left inguinal hernia; that it was just an ordinary inguinal hernia, without anything to show how long it had been there; that at that time he found a congenital hernia sac; that he considered such sac a part of the hernia, that is, a covering of the hernia; that from his examination he would say that Villarreal potentially had a hernia from birth.

Testifying further, he said that one with

the sac mentioned would be liable to rupture if under constant strain; that sooner or later such constant strain would open up the little sac and there would be a hernia; that it was his opinion that some strain caused "whatever it was" to go into the sac; that quite frequently a man would have no trouble at all who was in the condition mentioned; that some times he might complain of a little pain, maybe for years; that before that time there would be no evidence of hernia, no trouble at all; that he would go and feel as well and healthy, and be as well and heathy, as any person in the world, until he suffered some strain which would cause "whatever there is" to go in the sac.

Testifying further, he said:

"If a man works for 7 months as a manual laborer, and at no time previous to that had he ever felt any pain in his groin, had never suffered any inconvenience down there at all, and upon his lifting a heavy weight he felt a sharp pain, and that in the course of a week or so I examined him, and found that a fully developed hernia was there, as to whether I would say that last strain is what caused his condition, I would say that the last strain caused the little wedge to start, and then it just wedged its way down. That is right, before that little wedge started there, he would not suffer any inconvenience and not know that he was abnormally developed."

Testifying further, he said that the congenital condition mentioned made the hernia possible.

[3] We do not think that the testimony of Dr. Flynn was sufficient to raise the issue as to whether appellee was suffering with hernia prior to his injury. The effect of such testimony was to show that appellee had what the doctor calls a "hernia sac" at the time of his birth, a condition which might and probably would result in a hernia if appellee was subjected to a strain.

[4-6] We sustain appellant's fifth contention, which we have hereinbefore set out.

Appellee alleged that he was, at the time of his injury, earning $20.77 per week in the course of his employment; that he had steady employment; and that 60 per cent. of his weekly wage was $12.45 per week; the undisputed evidence shows that appellee had worked for his employer, the gas company, for only 7 months. By section 1, of first subd. 2, of article 8309, Vernon's Civil Statutes, it is provided as follows:

"If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

Under the law and the facts shown the weekly wage of appellee could not be used as a basis for fixing his compensation, as was done by the court, and as there was no evidence showing what other employees of the same class, working substantially the whole of the year next preceding the injury in the same or similar employment as was appellee, or in the same or neighboring place, had earned in such employment during the days they were so employed, no basis was shown by which the court could fix appellee's compensation, but as, no doubt, such basis can be shown upon another trial, we do not feel authorized to reverse the judgment and render judgment for appellant, and we will reverse the judgment and remand the cause for another trial.

Reversed and remanded.