## TULSA TERMINAL, STORAGE & TRANSFER CO. et al. v. THOMAS et al.

No. 23180. Opinion Filed Jan. 31, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

Charles Skalnik and L. O. Todd, for respondents.

SWINDALL, J. On October 25, 1930, the employer, Tulsa Terminal, Storage & Transfer Company, on form 2, furnished by the State Industrial Commission, filed with the Commission employer's first notice of injury, in which it gives the date of accident as October 7, 1930, and in answer to the question, "Business, Goods Produced, Work Done or Kind of Trade or Transportation," it is written, "Truck transportation"; and in answer to the question, "Location of Plant or Place Where Accident Occurred," the answer is, "Petroleum Exposition"; and in answer to the question, "Occupation When Injured," it is written, "Driving and loading truck." On November 7, 1930, there was filed with the Commission an instrument signed by the employee, employer, and insurance carrier on form 7, in which it is stated, "We, the parties to this instrument, have reached an agreement in regard to the facts with relation to an injury sustained by the claimant, and submit the following stipulation of facts relative thereto, for the order, decision or award of the State Industrial Commission;" then follow the words, "Stipulation and Receipt." In the body of the stipulation and receipt it is stated that the injury occurred October 7, 1930, disability ended October 27, 1930; nature of injury, "acute hemorrhoids"; extent of disability, "temporary"; employee quit work October 11, 1930; employee returned to work October 28, 1930; compensation began October 16, 1930. It is then stated in the receipt that the employee received full wages for day of injury, gives his average monthly wages, rate of compensation per week, period for which compensation was paid, and receipt for the amount of compensation. The purported agreed statement of facts does not designate the business of the employer. On December 5, 1930, the State Industrial Commission made an order in which it states that:

"The Commission having examined the record and having considered said stipulation and receipt, finds that claimant was injured October 7, 1930; that disability ended October 27, 1930, and that claimant received compensation for temporary total disability to hemorrhoids at the rate of $18 per week for said period of 1 weeks and 5 days based on a wage of $160 per month.

"And further finds claimant has received compensation at said rate for a period of 1 weeks and 5 days in the total amount of $33.

"It is therefore ordered: That said amount so paid for temporary total disability be approved and that the case be closed."

The attending physicians report was filed October 25, 1930. All that the Commission had before it for consideration at the time the order of December 5, 1930, was made, was the employer's first notice of injury, agreed statement of facts, in form as above stated, stipulation and receipt on form 7, and the physician's report. On June 11, 1931, the employee filed a motion with the Commission to determine the extent of disability. A hearing was ordered on this motion, and on October 9, 1931, evidence was taken at Tulsa, Okla. It next appears in

the record that on October 13, 1931, the employee filed a claim for compensation. There was no issue raised relative to the claim for compensation not being filed earlier in the proceedings, and we do not think that that issue would be material for the reason that the parties within the year next after the date of the alleged injury filed an agreed statement of fact and stipulation and receipt which we have held to be a substitute for the claim. Further testimony was taken at Tulsa, Okla., on November 6, 1931. The employer and insurance carrier moved to dismiss upon two grounds: First, that there was no competent evidence showing that the accidental injury arose out of and in the course of the employment of the employee; and, second, that the employment did not come under the Workmen's Compensation Law and the Commission had no jurisdiction over the case. This objection was overruled and the Commission made an award on November 20, 1931, in favor of the claimant for 50 per cent. permanent partial disability by reason of said injury. A corrected order was filed on November 27, 1931, and the employer and insurance carrier commenced this proceeding within the time provided by law to review said order.

The first specification of error presented by the petitioners is that:

"The Industrial Commission had no jurisdiction of the subject-matter, for the reason that respondent at the time of the alleged accident was engaged in class B trucking, and said occupation is not covered by the Workmen's Compensation Law."

We have carefully examined the record and fail to find any competent evidence showing that the employment of the employee was in the "transfer and storage" business. It is equally silent regarding the contention of petitioners that the employee was engaged in class B trucking. The claimant at the time of the alleged injury was engaged in loading a truck with heavy machinery and in driving the truck, but the record does not show that the machinery was being loaded for the purpose of being stored by the employer. Neither does the record show that the employee was driving a truck operated under a class B permit. In answer to the question, "In what capacity were you employed," the claimant answered, "I had charge of the heavy work; that was, moving heavy machinery and all heavy work." And in answer to the question, "Tell the court under what circumstances you were injured," he answered: "I was moving some machinery at the Oil Exposition site, some stuff going to the Hinderliter Tool Company; we were

lifting a heavy box, weighing from five to eight hundred pounds with a rope and pulley. There were three or four of us doing this; something slipped, and the box came back on me and in trying to hold the box up I strained myself." The claimant also testified that he received $2 per day extra on out-of-town drives, and in response to the question, "How much were you out of town," he answered, "At that time almost all the time." And in answer to the question, "You heard this last witness testify. Who was he?" he answered: "Mr. Hardwick. He was the truck foreman. He tended to the city business and I was on the out-of-town truck. Mr. Hardwick was my boss, and I worked directly under him." There is other testimony in the record that at the time claimant was injured he was driving a truck and delivering freight at different places and that the employer operated a transportation or truck branch in its business at the time the claimant was injured. There was no competent evidence in the record that the employee was working in the transfer and storage business for the employer at the time of his injury. The record shows that at the time the employee commenced offering evidence the Commissioner conducting the hearing stated: "He has been paid compensation and form 7 approved. The case hinges on a change of condition from the time this form 7 was approved." No further effort was made by counsel for claimant to show in what branch of the business of the Tulsa Terminal, Storage & Transfer Company the employee was working at the time of the injury. If the employer had a transfer and storage branch in its business and the employee was loading heavy machinery for the purpose of storing the same in the warehouse or storage house of the employer, then such facts would bring him within the phrase "transfer and storage" found in section 7283, as amended by section 1, c. 61, Session Laws 1923 (13349, O. S. 1931). If he was employed in a department of the business of the employer engaged in trucking freight from place to place under a class B permit, as contended by the employer and insurance carrier, then he was not engaged in transfer and storage. This question of fact should have been determined by the State Industrial Commission. Under the facts disclosed in the employer's first notice of injury reported to the Commission and the agreed statement of facts, there was no statement relative to the kind of employment and no competent evidence was produced showing that the accidental injury arose out of and in the course of an employment coming under section 7283, as amended, supra, and the facts

as agreed upon do not bring the branch or department under said section. If the employer's first notice of injury filed with the Commission as required by law had designated the business as "transfer and storage" instead of "truck transportation," and the agreed statement of facts had stated the business in which the employee was injured as "transfer and storage," then the agreed statement of facts would bring the business under section 7283, as amended, supra, and, under such circumstances, it is not necessary for the employer and the employee to enter into detail relative to the facts. But the Commission must have some competent evidence that the employment is within the act before it has power and jurisdiction to make an award. When form 7 was prepared by the Commission, they evidently had in mind businesses and industries that come under section 7283, and not businesses or industries one branch or department of which the facts, in a given case, might bring under said section. However, if the parties rely upon an agreed statement of facts, then that statement must contain sufficient facts from which the Commission may determine that the employment or the branch or department of the employment comes under section 7283, supra, as amended.

We have had before us for consideration cases in which the employer's first notice of injury and the agreed statement of facts and other circumstances in evidence in the case brought the branch or department under the section. Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 177; Pinkston Hdw. Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681. In the case of Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 156, the business of the Skelly Oil Company comes under the terms and provisions of section 7283, as amended, supra. In the case of J. B. Herd Hdw. Co. v. Kirby, 160 Okla. 2, 15 P. (2d) 823, we held that, under the circumstances in that case, it was incumbent upon the injured employee to show that the facts and circumstances brought his employment within the meaning of the Workmen's Compensation Law. We have held that section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws 1923 (13349, O. S. 1931), enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law. Section 7284, C. O. S. 1921, as amended by section 2, ch. 61, Session Laws 1923 [O. S. 1931, sec. 13350] defines hazardous employment. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491. Subsection 4 of section 7284, in so far as the same is applicable to this case, defines "employee" as follows:

" 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation, carrying on a business covered by the terms of this Act. * * *"

In Doey v. Clarence B. Howland Co., Inc., Appeal of State Industrial Commission, 224 N. Y. 30, 120 N. E. 53, the Court of Appeals of New York had before it for consideration a case in which the State Industrial Commission of New York had awarded compensation for an accidental personal injury arising out of and in the course of an employment not under the Workmen's Compensation Act of that state, and in the fifth and sixth paragraphs of the syllabus that court held:

"5. A court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise jurisdiction in a case to which the statute has no application, does not acquire jurisdiction and its judgment or determination when made is a nullity, and will be so treated whenever questioned by either direct or collateral attack.

"6. Lack of jurisdiction to render a judgment may be asserted at any time; the only exception being where jurisdiction depends upon a question of fact litigated and determined in the judgment."

Under the facts as disclosed by the record in the case at bar, there was no competent evidence upon which the State Industrial Commission was authorized to enter the award dated November 20, 1931, and the corrected award on November 27, 1931. There being no competent evidence in the record to bring the branch or department of the business of the Tulsa Terminal, Storage & Transfer Company under section 7283, as amended, supra, the lack of jurisdiction to enter the judgment or award may be asserted at this time. We hold that lack of jurisdiction to render a judgment or award by the State Industrial Commission may be asserted at any time; the only exception being where jurisdiction depends upon a question of fact admitted or established by the evidence in the proceedings and determined in the judgment or award.

There are other errors assigned, but having reached the conclusion that the award must be vacated and further testimony taken in order to determine the jurisdiction of the State Industrial Commission over the employment, we do not feel that it is necessary for us to pass upon such issues at this time. If upon further hearing testimony is offered or an agreed statement of facts filed showing that the em-

ployment of the claimant was in the transfer and storage business, then either party may offer further testimony in regard to the other issues in the case if they so desire; but if the claimant was driving a truck operated by the employer under a class B permit, then his employment does not come under the act. This issue must be determined by the Commission upon some competent evidence offered by (the claimant which may be contested by the employer.

For the reasons herein stated, the award is vacated and the record ordered returned to the State Industrial Commission for further proceedings consistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.