[Civ. No. 4744.   Third Appellate District.—March 21, 1933.]

W. A. GELLER, Respondent, v. NORMAN A. SMITH et al., Appellants.

Will H. Winston for Appellants.

Edwards & Johnson, Arthur J. Edwards and P. H. Johnson for Respondent.

PLUMMER, J.—The plaintiff recovered judgment in the Superior Court of Los Angeles County for the sum of $1,000, for and on account of one-half of the bonus of $2,000 paid for the lease of certain oil lands situate in said county. The record does not show exactly the character of the claim, or title or right of the plaintiff in and to the lands hereafter described, but it is admitted in the action that the plaintiff had some claim thereto.

In consideration of the execution of a quitclaim deed by the plaintiff to the properties hereinafter mentioned, the following agreement was entered into:

"Los Angeles, California
"November 16, 1926.

"Witnesseth, that this day, November 16, 1926, an agreement between W. A. Geller, Norman A. Smith and George

C. Withers for that certain property located in the City of Long Beach, County of Los Angeles, State of California, to-wit: Lots sixteen (16), seventeen (17), eighteen. (18) and nineteen (19), Block four (4), Palm Island Tract. Be it understood that said Norman A. Smith and George C. Withers agree to pay said W. A. Geller one-half (½) of any bonus paid on said property, deal to be consummated by either party with a minimum sum to W. A. Geller of Two Hundred and Fifty Dollars ($250.). Be it understood that said W. A. Geller will deliver quitclaim deed on said property in favor of said lessors on that certain lease in favor of Umpire Petroleum Corporation and by mesne assignment assigned to said W. A. Geller.

"(Signed)    NORMAN A. SMITH
"(Signed)    GEORGE C. WITHERS
"(Signed)    W. A. GELLER."

Thereafter, the defendants, in behalf of certain owners of said property other than the plaintiff, after negotiating with the California Petroleum Corporation, effected a lease of the premises to said corporation, and as found by the trial court obtained from said corporation for said lease a bonus in the sum of $2,000. The testimony in relation to the payment of the $2,000 is as follows:

In sustaining an objection the court said: "I think the objection is well taken. It seems to me that is the whole issue in the case, the question of whether or not a bonus was paid. The Court: It is the deal with the California Petroleum Company that I am interested in. What he did at the bank does not make any difference. Mr. Withers: The deal with the California Petroleum Company—we leased that property to the California Petroleum Company for $2000.00. By the Court: Q. $2000.00 bonus, is that it? Mr. Withers: A. For $2000.00. In leasing that we had the California declare that as a $500.00 bonus and $1500.00 commission, that is just exactly the way we got that. The Court: All right. Mr. Edwards: Q. Who negotiated that deal by which that money was paid to you or to Mr. Smith? Mr. Withers: A. We, as a firm, negotiated it. Mr. Edwards: Q. You and Mr. Smith, as a firm, negotiated the deal by which the $2000.00 was received? Mr. Withers: A. Yes.

Mr. Edwards: Q. And you and Mr. Smith controlled that company and negotiated in the name of that company, didn't you? Mr. Withers: A. Yes. Mr. Edwards: Q. And you and Mr. Smith had the California Petroleum separate the $2000. into $500. and $1500? Mr. Withers: A. We declared $1500.00 commission with the California Petroleum Company; under any other circumstances that deal would not have gone through in any other way. Mr. Edwards: Q. And it was at your request that they separated it? Mr. Withers: A. It was bound to be at our request. Mr. Edwards: Q. They understood that they were to pay the $2000.00 in order to get the lease. Mr. Withers: A. We were negotiating that lease and we had a right to all, if it was $3000.00 bonus. Mr. Edwards: Q. It wasn't made at the Oil Company's request? Mr. Withers: A. No sir. Mr. Edwards: Q. They were willing to pay $2000.00 and they did not care how it was divided? Mr. Withers: A. No sir; I don't imagine that they did. I don't know whether they did or not.''

■ In summarizing his views on the foregoing testimony the trial judge used the following language: ''Apparently, it all hinges on the meaning of the word 'bonus'. I think the word 'bonus' has a legal meaning, but a certain term may have a significant meaning in a certain business and in a certain locality, and if it varies with the locality, it may be established by evidence. On the other hand, that expression may come to have a definite legal meaning. My opinion is that the term 'bonus' as applied to an oil lease has come to have a definite meaning, to-wit: A sum of money paid by a lessee to the lessor in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease. In this case, I am satisfied that the $2000.00 was a bonus and that the use to which that bonus was put cannot change its character. The fact that it was used to pay a commission, and that a part only went to the land owners, would still not change its character from that of a bonus.''

We do not think it necessary to add anything to the opinion of the trial court, as what is there said disposes of

the case. The allegations of the complaint show that the trial court had jurisdiction of the action.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.