## FRATES et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 24216.    Opinion Filed May 9, 1933.

Motion to Modify Opinion and for Rehearing Denied June 6, 1933.

Felix A. Bodovitz, for petitioners.

Robt. W. Gibbs, J. Berry King, Atty Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

OSBORN, J.    This is an original action in this court to review an award of the State Industrial Commission entered in favor of George H. Ayers against J. A. Frates and F. A. Bodovitz, as receivers of the Union Transportation Company, a corporation.

The record shows that the petitioners operate a line of motor busses in and out of the city of Tulsa under a franchise from the city, and also under a class A motor vehicle permit issued by the Corporation Commission; that on June 10, 1929, claimant was in the employ of petitioner as a bus driver; that it was one of the rules of the company that drivers sign up for the bus 10 minutes before they started on a run; that claimant had signed for his bus, and had started to walk across the street, when he was struck by a motorcycle, knocked down, and his left arm broken between the elbow and wrist. He was furnished medical treatment by petitioners, and his arm was set. An examination was made later which revealed that one of the bones had not united, and an open operation was had on the arm.

A hearing was had on August 7, 1929, before the Commission in which F. A. Bodovitz appeared in behalf of petitioners and made the following stipulation in the record:

"Let the record show that it is not denied by respondent that claimant was in the employment of J. A. Frates, Sr., and F. A. Bodovitz, receivers for Union Transportation Company, respondents; that claimant, George H. Ayers, sustained an accidental personal injury, arising out of and in the course of his employment with said respondent on June 10, 1929. It is not denied that claimant, as a result of said aforementioned accidental injury, has been since said injury and is now temporarily totally disabled, that it is admitted by this respondent that claimant's average wages were $5 per day."

On this stipulation the Commission ordered the payment of compensation for temporary total disability at the rate of $18 per week.

On December 8, 1929, claimant returned

to work for the company, and continued in their employ as a bus driver until September 15, 1932, at which time his employment was terminated by the petitioners.

On December 9, 1929, petitioners made a full settlement with claimant for his temporary total disability, which was approved by the Commission. A stipulation and receipt upon the Commission's form No. 7 was executed and filed, and the case was closed.

On July 28, 1932, claimant filed a motion to reopen on the ground of a change of condition, which motion was heard on September 26, 1932, and an order made on October 10, 1932, in which the Commission found that claimant now has a 40 per cent. permanent loss of his left arm, and awarded compensation at the rate of $18 per week, from July 28, 1932, for a period of 80 weeks, from which order petitioners have appealed.

The principal question involved herein is as to the jurisdiction of the Commission to enter the award complained of. The petitioner contends, in effect, that the owners and operators of motor vehicles operating under a franchise, or under a class A permit issued by the Corporation Commission, are not within the provisions of the Workmen's Compensation Act, and that the filing of a stipulation and receipt on the Commission's form No 7 is not sufficient to confer jurisdiction.

In the case of The Wardway v. Garland, 162 Okla. 278, 20 P. (2d) 162, it is said:

"Owners or operators of motor vehicles for transportation of passengers or property for compensation under class A permits issued by Corporation Commission, held, not within Compensation Law covering 'industries and business enterprises' (Laws 1923, c. 113, as amended by Laws 1929, c. 253; St. 1931, sec. 13349)."

While the above case refers only to a motor vehicle operated under a class A permit and does not refer to the operation of a motor vehicle operated under a city franchise, nevertheless, the same is decisive in this case for the reason that the operation of a motor vehicle under a franchise is not enumerated in section 13349, O. S. 1931, as a hazardous employment, and the same rule would apply.

Claimant contends that, since the petitioner has submitted to the jurisdiction of the Commission by entering an appearance and stipulation in the record at a former hearing in this cause, and has filed a stipulation and receipt on the Commission's form No. 7, showing a compliance with the previous order of the Commission, petitioner cannot now raise the question of jurisdiction of the Commission.

This question has been before this court in the cases of Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141; Tulsa Terminal Storage & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891; and Great Atlantic & Pacific Tea Co. v. McHan, 162 Okla. 8, 18 P. (2d) 875, in which the authorities are reviewed, discussed, and distinguished, and in which this court held contrary to the contention of claimant. It would serve no useful purpose to reiterate the discussion found in these recent opinions of this court, and they are hereby referred to as controlling of the issue involved.

It is fundamental that the Commission has jurisdiction only over those business enterprises and industries specified and enumerated in the Workmen's Compensation Act (section 13349, O. S. 1931). Whether a business enterprise or industry comes within the provisions of the act is a question of fact which must be determined affirmatively by the Commission before it is vested with jurisdiction to make an order or enter an award in any case. Such issue of fact may be determined, either by proof, stipulation, or admission of the employer. An examination of the stipulation and receipt appearing in the record, the stipulation of petitioner in a former hearing of this cause, and of the evidence shown in the record, reveals that this jurisdictional fact was neither proved, stipulated, nor admitted. Consequently, the Commission was wholly without jurisdiction to make an award in this cause. Having taken this view of the matter, it is unnecessary to pass upon the other contentions raised by the parties.

The award is vacated, with directions to the State Industrial Commission to dismiss this cause.

CULLISON, V. C. J., and ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL and BUSBY, JJ., absent.