## STERLING MILK PRODUCTS CO. et al.
## v. UNDERWOOD et al.

No. 24749.   Feb. 20, 1934.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

Murrah & Bohanon and J. I. Gibson, for respondents.

BUSBY, J. In this action the petitioners seek to vacate an order and award of the State Industrial Commission entered on June 5, 1933, in favor of the respondent George Underwood, claimant before the Commission. The parties will be referred to as petitioners and claimant, respectively.

On the 12th day of June, 1930, the claimant, while performing services for the Sterling Milk Products Company, sustained an accidental personal injury to his right arm. The injury was received in an automobile accident which occurred one-half mile west of the city of Shawnee, Okla. On July 16, 1930, "Employer's First Notice of Injury" was filed with the Commission. This instrument was executed in behalf of the Sterling Milk Products Company by its president. The nature of the employer's business was described therein as "wholesale milk products." The nature of the work being performed by the claimant was stated in the following excerpt from the instrument:

"Man was delivering cottage cheese and truck turned over causing double compound fracture of upper right arm."

Subsequently an agreement as to the facts and the compensation to be paid for the injury was made between the claimant and the petitioners. This agreement was reduced to writing on form 14. It was filed with the Commission on December 2, 1930. On December 5, 1930, a hearing was conducted on this agreement, and after examining claimant as a witness the Commission entered its order approving the agreement and awarding compensation in the sum of $1,500, in addition to compensation for temporary total disability previously paid. In the agreement on form 14 and the testimony introduced in connection with the approval thereof, neither the nature of employer's business nor the nature of services being rendered by claimant was mentioned.

On March 9, 1933, claimant filed his motion to reopen based upon an alleged change of condition for the worse. Hearings were conducted on this motion at which testimony was introduced. On the 19th day of May, 1933, the Commission entered its order determining that the claimant had suffered a change of condition for the worse, and awarding additional compensation in the sum of $1,200. Within 30 days thereafter, the petitioners commenced this proceeding in this court to vacate that award.

At the hearing before the Commission the petitioners offered to prove that at the time of the injury the claimant was employed and was performing services as a solicitor of business and traveling salesman, and therefore was not engaged in one of those hazardous occupations falling within the provisions relating to the Workmen's Compensation Act. The objection of the claimant to this evidence was sustained. While there is some evidence in the record concerning the nature of claimant's duties, the Commission refused to inquire into the nature of services rendered by claimant on the theory that the matter had been previously adjudicated in the proceeding by which the agreement on form 14 had been approved.

The refusal of the Commission to inquire into this question involving its jurisdiction over the subject-matter of the controversy is the basis of the only question presented to this court. Petitioners say that they were entitled to establish that claimant was in fact a traveling salesman. Claimant asserts that the fact that he was not a salesman had been previously adjudicated by the Com-

mission adversely to the claim of petitioner, and was not open to inquiry in the proceedings on a motion to reopen based upon an alleged change of condition.

Traveling salesmen do not come within the provisions of the Workmen's Compensation Act by reason of the nature of the service rendered by them (McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016; Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291), unless additional duties of a hazardous character are performed by them in connection with the services rendered as traveling salesman (Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63). On the other hand, one who packs and delivers merchandise for a wholesale mercantile establishment falls within the provision of the Workmen's Compensation Act even though he also acts as a traveling salesman. Nash Finch Co. v. Harned, 141 Okla. 187, 284 P. 633.

It is not disputed that the employer in this case was a wholesale mercantile establishment. The disputed question is whether the claimant was a traveling salesman. Although the answer to this question determines the jurisdiction of the State Industrial Commission, the question is one of fact.

This court has on a number of occasions in recent opinions considered the power of the State Industrial Commission to inquire into questions relating to its own jurisdiction in cases where previous awards had been entered or compensation previously paid. Tulsa Terminal Store & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891; Great Atlantic & Pacific Tea Co. v. McHan, 162 Okla. 8, 18 P. (2d) 875; Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. (2d) 379; Frates v. State Industrial Commission, 164 Okla. 60, 22 P. (2d) 905; Spivy & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141; City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694. Considering a similar situation, the force and effect of a decision of the Industrial Commission when collaterally attacked in a district court action was analyzed in the case of Howard v. Duncan, 163 Okla. 142, 21 P. (2d) 489.

In view of the extended consideration previously given by this court in the above cases to questions analogous to that presented in the case at bar, we deem it unnecessary to further discuss the matter

other than to point out certain guiding principles heretofore announced and to apply the same to the case at bar.

When the jurisdiction of the State Industrial Commission depends upon a question of fact, and the Commission in making a previous award had before it competent information to establish the jurisdictional fact either in the form of an admission of fact, stipulation of fact, or testimony of witnesses, it is deemed to have inquired into its jurisdiction and determined the question of fact upon which the same depends. Thereafter, in a proceeding to reopen and award further compensation upon a change of condition, the jurisdictional fact is not open to inquiry. Rorabaugh-Brown Co. v. Mathews, supra, Spivy & McGill v. Nixon, supra, and Tulsa Terminal Storage & Transfer Co. v. Thomas, supra, modifying and restricting the rule announced in Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176, Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155, and Pinkston Hardware Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681.

In the case of Rorabaugh-Brown Dry Goods Co. v. Mathews, supra, this court said, speaking through Mr. Justice Swindall:

"And the claimant is not required to prove the business or industry enumerated and designated in the claim for compensation as a factory, cotton gin, etc., named in section 7283, as amended, supra, if admitted in the notice of injury of the employer to the Commission, or if admitted in the agreed statement of fact, is, in fact, a factory, cotton gin, etc., or that it is a 'hazardous employment' as defined in section 7284, as amended, supra. If the fact relative to the business is not admitted by the employer, then the employee must offer some competent evidence that his employment is in one of the businesses or industries in section 7283, or the facts must bring the branch or department of the business under said section."

In the case of Tulsa Terminal Storage & Transfer Co. v. Thomas, supra, we said in syllabus par. 4:

"Lack of jurisdiction to render a judgment or an award may be asserted at any time; the only exception being where jurisdiction depends upon a question of fact admitted or established by the evidence in the proceeding and determined in the judgment or award."

Speaking again through Mr. Justice Os-

born, we said in the case of Frates v. State Industrial Commission, supra:

"Whether a business enterprise or industry comes within the provisions of the act is a question of fact which must be determined affirmatively by the Commission before it is vested with jurisdiction to make an order or enter an award in any case. Such issue of fact may be determined either by proof, stipulation, or **admission of the employer.**"

In the case at bar the jurisdiction of the Industrial Commission depended upon a question of fact, namely, the character of services being rendered by the claimant at the time of his injury; the business conducted by the employer, "wholesale mercantile establishment," falling within the provisions of the act. Section 7283, C. O. S. 1921; 13349, O. S. 1931.

In the proceedings leading up to the entering of the award on approval of form 14, the employer had filed an instrument executed by its president (employer's first notice of injury) in which it solemnly informed the State Industrial Commission that at the time of his injury claimant was "delivering cheese." This constituted an admission on the part of the petitioner on the question of fact involved, and petitioners cannot now say that in exercising its jurisdiction the Industrial Commission was without evidence or proper information upon which to determine that the case was properly cognizable by it. The employer having stated the nature of claimant's employment to be such as fell within the provisions of the Workmen's Compensation Act, it was not incumbent on the claimant to offer proof on that point.

The Commission had before it at the time the previous award was made competent information to determine the question of fact upon which its jurisdiction depended. It determined that question then. In the subsequent proceedings on motion to reopen on the grounds of change of condition it properly held that that question had been previously determined, and refused to inquire further into the matter.

There being no other complaint concerning the award, the same is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur.