### NOBLE DRILLING CO. et al. v. ADAMS et al.

No. 26216.   Oct. 8, 1935.

Butler & Brown, for petitioners.

Prentiss Rowe, Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court by the Noble Drilling Company, hereafter referred to as petitioner, and its insurance carrier, Employers Liability Assurance Company, Ltd., to review an award of the State Industrial Commission in favor of Raymond Adams, hereafter referred to as c'aimant.

It is admitted that claimant received an accidental injury while in the employ of petitioner, and that claimant was paid compensation for temporary total disability for a period of 21 weeks at the rate of $18 per week.

On August 28, 1934, petitioner filed with the Commission a motion to discontinue payment for temporary total disability and to determine the percentage of permanent disability sustained by claimant. Hearings were held by the Commission at various times and places on this issue, and on July 9, 1935, the Commission entered the order and award which we are called upon to review.

The order, in substance, finds that the claimant was injured on the 13th day of March, 1934, while in the employ of petitioner; that he sustained an accidental personal injury arising out of and in the course of a hazardous employment; that the average daily wage of the claimant at the time of the accidental injury was $7 per day, making his rate of compensation $18 per week; that claimant had been paid compensation for temporary total disability from March 13, 1934, to August 13, 1934; that the temporary total disability ceased as of August 13, 1934, and that claimant had sustained a permanent partial disability of 20 per cent., and ordered claimant to be paid 25 per cent. of .500 weeks, or $1,800, in addition to the award for temporary total disability which had already been paid.

The petitioner takes exception only to the second finding of fact in said order, which reads as follows:

"That the average daily wage of the claimant at the time of the accidental injury was $7 per day, making his rate of compensation $18 per week"

—and the only proposition urged upon this court is:

"That the Commission erred in finding that the average daily wage of the claimant at the time of the injury was $7 per day, making his rate of compensation $18 per week, and that there is no competent evidence to support such finding."

In support of this contention petitioner cites R. S. James Construction Co. v. Ben, Aylor et al., 171 Okla. 173, 42 P. (2d) 528; Cosmos Mining Co. v. Industrial Commission, 101 Okla. 283, 225 P. 720; Geneva-Pearl Oil & Gas Co. v. Hickman et al., 147 Okla. 283, 296 P. 954; Bylow v. St. Regis Paper Co., 166 N. Y. S. 874; Texas Employers' Insurance Association v. Villarreal (Tex. Civ. App.) 1 S. W. (2d) 692.

It is conceded by petitioner that the Commission's finding as to what claimant's daily wage was, is a finding of fact and cannot be disturbed if there is any competent evidence to support it, but petitioner vigorously contends that the only evidence offered by either side before the Commission on which the finding and award were based was the testimony of the claimant, and that since it was hearsay, this was not competent evidence to support the finding rendered by the Commission. However, counsel for petitioner apparently overlooked other matters in the record. We find from the record that on March 17, 1934, there was filed with the Commission employer's first notice of injury on form No. 2, wherein, among other things, it was said by petitioner that the wages or average earnings of the claimant were $7 per day, and on April 6, 1934, the insurance carrier filed report of initial payment of compensation wherein the average daily wage of claimant was set forth at $7 and the weekly rate of compensation was alleged to be $18. We further find that employee's first notice of injury and claim for compensation alleged that his average daily wage was $7. The record further shows that no denial of this claim was filed with the Commission, but that, on the contrary, compensation in accordance therewith was paid for a period of 21 weeks, and during the period of temporary total disability. In the absence of a contest or denial, the Commission was justified in concluding that the allegations, statements, and admissions made by petitioner, insurance company, and claimant, in their respective statements, were correct, and particularly when this construction has been placed upon them by the parties themselves. No evidence was offered by the petitioner (as in the Cosmos Mining Co. v. State Industrial Commission Case, supra) to show a different average wage, nor did the Commission base its finding (as in the James Construction Co. v. Aylor Case, supra) upon claimant's earnings from all sources for the year preceding the injury. Thus it will be observed that the rule announced in the above cases it not applicable here, but, on the contrary, we are of the opinion that the rule an-

nounced by this court in Maryland Casualty Co. v. Johnson et al., 134 Okla. 174, 272 P. 833, wherein it is held:

"In view of rules Nos. 16 and 23, promulgated by the State Industrial Commission, pursuant to section 7318, C. O. S. 1921, providing that if respondents file no denial within ten days after the filing of a claim for compensation, the allegations contained in the claim will be deemed to be admitted, claimant's allegation in his claim that his average daily wage at the time of injury was $6 is sufficient to support an award for $18 per week, in the absence of any evidence at the hearing concerning claimant's average earnings, where respondents appear, offer evidence on other questions at the hearing on the claim, but do not deny either by pleading or evidence such allegation in the claim"

—is the correct rule to apply. See, also, Cowan et al. v. Watson et al., 148 Okla. 14, 296 P. 974; Hannah v. Oklahoma State Highway Commission, 172 Okla. 221, 45 P. (2d) 53; Sterling Milk Products Co. v. Underwood, 167 Okla. 361, 29 P. (2d) 937.

From a careful examination of the record in this case, we are satisfied that there was sufficient competent evidence before the Commission to sustain the findings in question, and that since it is a question of fact, it is therefore conclusive upon this court. Having reached the conclusion we have, we deem it unnecessary to review the other authorities cited by petitioner.

Award affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.