## DOUGLAS et al. v. BAKER et al.

No. 25054. Jan. 9, 1934.

Rehearing Denied Feb. 20, 1934.

J. C. Evans, A. L. J. Meriwether, J. H.
Stephens, and R. S. Gamble, for plaintiffs
in error.

James K. Eaton, Co. Atty., W. E. Foster,
Asst. Co. Atty., J. Berry King, Atty. Gen.,
and Randell S. Cobb, Asst. Atty. Gen., for
defendants in error.

PER CURIAM. This is a proceeding in
mandamus commenced before the district
judge of Okmulgee county prior to the hold-
ing of a certain school election on Tuesday
April 4, 1933, in the city of Okmulgee, in-
dependent school district No. 1, embracing
the city of Okmulgee.

The applicants, having been denied the
right to vote in said election, applied to the
judge for an order requiring the precinct
officers of their precinct and the county elec-
tion board to permit them to vote therein.

A motion to dismiss has been filed herein
on the ground that the question has be-
come moot. A response has been filed by
the plaintiffs in error citing several au-
thorities in support of the merits of the right
to vote in said election. These might be in
point if the action were of a different na-
ture, but the prayer for the relief sought
is as follows:

"Wherefore petitioners pray that this
Honorable Court grant a writ of mandamus
requiring the said defendants, acting in
their respective official capacity, to forthwith
deliver and give these petitioners and each
and all of them and all other persons simi-
larly situated, a ballot containing the names
of persons to be voted for as members of
the board of education of the independent
school district No. 1 of the city of Okmul-
gee, Okla., Okmulgee county, and to per-
mit said plaintiffs to cast the same in the
election now being held in the city of Ok-
mulgee, wards and precincts above stated."

In the case of Parker v. U. S. Smelter
Co. et al., 80 Okla. 129, 194 P. 897, the court
held:

"The Supreme Court will not attempt to
determine abstract, hypothetical, or moot
questions, but where it is made to appear
that the questions brought up for review
have become moot, the proceedings will be
dismissed."

It being apparent that in no event, re-
gardless of the law or error made below
prior to the election, could this relief be
granted now, the cause must be dismissed
as moot. It is so ordered.