## JAMES I. BARNES CONST. CO. et al. v. HARGROVE et al.

No. 24931. Jan. 16, 1934.

Withdrawn, Corrected, and Refiled and Rehearing Denied Feb. 20, 1934.

Jas. C. Cheek and Frank E. Lee, for petitioners.

Commons & Chandler, for respondents.

CULLISON, V. C. J. This is an original proceeding in this court by James I. Barnes Construction Company and its insurance carrier, the Commercial Casualty Company, petitioners, to review an award of the State Industrial Commission made and entered on July 27, 1933, in favor of C. C. Hargrove, claimant herein.

Said award, in its material parts, reads as follows:

"(1) That on the 19th day of July, 1932, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental personal injury, arising out of and in the course of his employment with respondent, the nature of the injury being a sunstroke when claimant became unconscious and overheated from pushing concrete in a two-wheel buggy.

"(2) That the average daily wage of the claimant at the time of the accidental injury was $2 per day.

"(3) That by reason of said accidental injury, claimant was temporarily totally disabled for a period of 8 weeks beyond the 5-day waiting period.

"(4) That respondents had actual notice of said accidental injury and are not prejudiced by any failure on the part of claimant to give written notice.

"(5) That by reason of said accidental injury, claimant sustained a permanent partial disability, by reason of which his wage-earning capacity has been reduced from $2 per day to $1 per day.

"(6) That by reason of claimant's permanent partial disability aforesaid, claim-ant is entitled to 66 2/3 per centum of the difference between his average daily wage at the time of the accidental injury and his wage-earning capacity thereafter (but not less than $8 per week; see Hyde Constr. Co. v. T. L. O'Kelley [164 Okla. 149, 23 P. (2d) 155]) payable during the continuance of such permanent partial disability not to exceed 300 weeks.

"Upon Consideration of the Foregoing Facts, the Commission is of the opinion that the claimant is entitled to the sum of $64, as compensation at the rate of $8 per week for the 8 weeks' temporary total disability beyond the 5-day waiting period. And that claimant is further entitled to the sum of $360, being compensation at the rate of $8 per week for 45 weeks, or from September 18, 1932, to July 29, 1933, and compensation thereafter at the rate of $8 per week for a period of not to exceed 300 weeks from September 18, 1932, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest. * * *"

And it was so ordered by the Commission.

Petitioners complain of said award in the following particulars:

"(1) The evidence was insufficient to sustain a finding of fact that the claimant sustained an accidental personal injury arising out of and in course of his employment.

"(2) The evidence is insufficient to sustain a finding of fact that claimant suffered a temporary total disability.

"(3) The evidence is insufficient to sustain a finding of fact that claimant suffered a permanent partial disability or that there was any reduction of his wage-earning capacity."

Under the first proposition, supra, the testimony is undisputed that at 2:30 p. m., July 19, 1932, claimant was pushing a two-wheel buggy full of cement. That such was in the course of his regular duties as laborer in the employment of James I. Barnes Construction Company. Petitioners admit that their business was a hazardous employment subject to the Workmen's Compensation Law. That claimant became overheated, staggered, and would have fallen to the ground, if not into the basement of the Federal Building, on which he was working, if he had not been caught by a fellow employee, Frank Store. That claimant turned blind at the time he became overheated and fell. That his fellow workers carried him out on the platform and later under some trees. That he remained there until 7 p. m. in a semiconscious condition until he was able to walk. That he had suffered

no prior injuries. That the injury occurred on a very hot summer day.

The petitioners introduced no testimony at the hearing.

The testimony of claimant, C. C. Hargrove, and Frank Store, one of claimant's coworkers, brought out the fact that the injury was accidental and occurred under very unusual circumstances. That the claimant was working out in the sun on a hot July day about 2:30 p. m. To the south of the place where claimant was working was a six-story building. There was very little air stirring where claimant was working. A paved street was to the west and a paved street on the north and claimant was next to these big buildings. There were buildings all around the place where he was working and steel beams were also piled around on the lot and lumber was piled to the east.

Dr. J. R. Barry, witness for the claimant, testified that it was his opinion that the claimant suffered from heat stroke or sunstroke.

This court has held the test to be applied in cases of sunstroke to be as follows:

"If the place of the employee's work, by reason of its location, nature, and climatic condition, would likely expose him to the danger of heat exhaustion, overheating, or heat exertion, or if the risk of injury by heat exhaustion, overheating, or heat exertion is naturally connected with and reasonably incidental to his employment as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the employer will be liable for the consequential injury." Kimsey Heating & Plumbing Co. et al. v. House et al., 152 Okla. 200, 4 P. (2d) 59.

We think the conditions under which claimant was working and the nature of his injury meet the test laid down, supra, and that petitioners' first contention cannot be sustained

Petitioners discuss their second and third contentions together.

The second contention attacks the sufficiency of the evidence to support the finding that claimant suffered a temporary total disability. In reviewing this allegation of error we observe that claimant testified that it was two months before he was able to go to work. The Commission was justified in finding that claimant was temporarily totally disabled for eight weeks, in the light of the evidence disclosed by the record.

Petitioners' final contention attacks the finding of permanent partial disability and reduction in wage-earning capacity. The record discloses no testimony other than that of claimant as to the permanency of claimant's disability. This court has held that, when in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proven by the testimony of skilled professional persons. Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785. Claimant's injury being subjective in its nature rendered claimant's testimony nothing more than a conclusion by one not competent to testify as to a conclusion based on facts requiring skill. Williams Brothers, Inc., v. State Industrial Commission, 158 Okla. 171, 12 P. (2d) 896.

The case is affirmed as to the compensation awarded claimant for his temporary total disability. It is reversed as to the finding and award relative to claimant's permanent partial disability, and remanded to the State Industrial Commission, with directions to take further testimony upon this point.

RILEY, C. J., and McNEILL and OSBORN, JJ., concur; BUSBY, J., specially concurs.