## HANNAH v. OKLAHOMA STATE HIGHWAY COMMISSION.

No. 25430.    May 14, 1935.

Leo J. Williams and Paul L. Arnold, for petitioner.

J. Berry King, Robert D. Crowe, J. W. Hinton, and Claude Weaver, Jr., for respondents.

BAYLESS, J. This is an original proceeding in this court to review an order of the State Industrial Commission of Oklahoma, made and entered on the 19th day of February, 1934, wherein the said Commission denied compensation to the claimant, C. E. Hannah. The parties will be referred to hereinafter as they appeared before the Commission; i. e., C. E. Hannah as claimant and the Oklahoma State Highway Commission as respondent.

The record discloses the following filings:-

November 14, 1932, form No. 3, being employee's first notice of injury and claim for compensation, reciting among other things that claimant was employed as a carpenter for the respondent; that on November 5, 1932, while loading a truck claimant fell against the truck and suffered broken rib or ribs. On the same date there was filed form No. 2, being employer's first notice of injury, and among other things recited that respondent was engaged in "road construction" at the time claimant was injured and that "claimant was injured in the course of his employment." This notice was signed by J. H. Merkle, division engineer. Thereafter, there was filed form No. 7, being an agreement between claimant and the respondent for the payment of $153.39 for temporary total disability. This agreement was presented to the Commission and it entered an order on the 2nd day of February, 1933, approving said settlement, closing the matter as to temporary total disability and expressly reserving for future determination the matter of permanent disability, if any.

Thereafter, and on June 13, 1933, claimant filed a motion requesting the Commission to set the case for hearing for the purpose of determining his permanent disability. The Commission ordered the cause set for hearing on July 21, 1933. On July 7, 1933, respondent filed its motion to quash the motion of claimant and denying liability on the ground that the "claimant was not in the employment of the respondent on the date of the injury complained of" and asking a return of the $153.39 paid claimant for temporary total disability, which was paid through error.

The Commission, after hearing all of the testimony introduced, denied claimant any compensation for permanent disability on the ground and for the reason "* * * that the accident did not arise out of and in the course of his employment. * * *"

Claimant, in his first proposition, contends:

"The order of February 2, 1933, became final, not having been appealed from within the statutory period, and fixed the status of the parties concerned. Respondent could not subsequently show that the injury for which compensation was awarded did not arise out of and in the course of claimant's employment with the respondent."

In support of this proposition claimant argues that the question of whether claimant was injured in the course of his employment is a question of fact which can as well

be admitted as proved. That the Commission had before it the admission of this fact which was set forth in employer's first notice of injury, as well as all other records and files in connection with the case, when the Commission made its order approving the settlement and payment for temporary total disability; that this order was an express adjudication of all facts essential to the making of the award; that is, that the claimant received an accidental personal injury arising out of and in the course of his employment. That respondent cannot thereafter deny liability on this ground nor could the Commission again make a subsequent determination of the matter after the award became final.

We think what we said in Sterling Milk Products et al. v. Underwood, 167 Okla. 361, 29 P. (2d) 937, is controlling upon the question raised here. In that case we said:

"When the jurisdiction of the State Industrial Commission depends upon a question of fact, and the Commission in making a previous award had before it competent information to establish the jurisdictional fact either in the form of an admission of fact, stipulation of fact, or testimony of witnesses, it is deemed to have inquired into its jurisdiction and determined the question of fact upon which the same depends. Thereafter, in a proceeding to reopen and award further compensation upon a change of condition, the jurisdictional fact is not open to inquiry.

"* * * In the proceedings leading up to the entering of the award on approval of form 14, the employer had filed an instrument executed by its president (employer's first notice of injury) in which it solemnly informed the State Industrial Commission that at the time of his injury claimant was 'delivering cheese.' This constituted an admission on the part of the petitioner on the question of fact involved, and petitioners cannot now say that in exercising its jurisdiction the Industrial Commission was without evidence or proper information upon which to determine that the case was properly cognizable by it. The employer having stated the nature of claimant's employment to be such as fell within the provisions of the Workmen's Compensation Act, it was not incumbent on the claimant to offer proof on that point.

"The Commission had before it at the time the previous award was made competent information to determine the question of fact upon which its jurisdiction depended. It determined that question then. In the subsequent proceedings on motion to reopen on the grounds of change of condition, it properly held that the question had been previously determined, and refused to inquire further into the matter."

See, also, Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141, and cases cited and discussed therein.

The cause is remanded to the Commission, with instructions to proceed with the matter consistent with the views herein expressed.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.