Harry J. KEMP, Petitioner,

v.

CHICKASHA PLUMBING COMPANY, Standard Insurance Company and State Industrial Commission, Respondents.

No. 38375.

Supreme Court of Oklahoma.

May 5, 1959.

Farmer & Kerr, Oklahoma City, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Harry J. Kemp, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Chickasha Plumbing Company, he sustained an accidental injury arising out of and in the course of his employment on August 21, 1957. After hearings the trial judge denied an award which was affirmed by the Commission en banc. This proceeding is brought by claimant against the employer and its insurance carrier, hereinafter called respondents, to review the order denying the award.

The record discloses that claimant, fifty-four years of age, was employed by Chickasha Plumbing Company and at the time of the alleged accidental injury was tamping dirt around water pipe in a ditch. The ditch was between three and four feet deep and the weather was hot and dry, and claimant became unconscious and was taken to the hospital where he remained for nine days. His condition was diagnosed at that time as coronary occlusion with myocardial infarction. He was paid $320.-84 temporary total disability on a stipulation and receipt form 7.

In addition to the claimant's testimony, Dr. S. testified the incident which occurred while claimant was working in the ditch on August 21, 1957, undoubtedly aggravated a pre-existing heart condition and precipitated the heart attack and that claimant was fifty per cent disabled. Dr. R. S. submitted a report stating claimant had gone into shock on August 21, 1957, and had a five to ten percent permanent disability, but did not state whether or not it was caused by reason of claimant's employment. Dr. H. submitted a report stating claimant's condition was due to a degenerative disease and the onset of the symptom occurring on the job was purely incidental.

Upon consideration of the evidence as submitted, and with the stipulation at the close of the hearing that the trial judge could, if he deemed it necessary, have claimant examined by a neutral doctor appointed by the Commission, the trial judge entered an order for claimant to appear before Dr. T. for examination. A medical report was filed by Dr. T. and he was cross-examined by the attorney for claimant. Dr. T. stated that in his opinion there appeared to be no aggravating, causal or precipitating relationship between the work claimant was doing and his vascular episode. Thereafter, the trial judge entered an order, which in part is as follows:

"That on August 21, 1957, claimant was an employee of respondent, Chickasha Plumbing Company, engaged in hazardous employment at a wage scale sufficient to entitle him to maximum compensation; that on that date while in the course of his employment claimant suffered a heart attack; that such heart attack was not the result of an accidental personal injury, nor the result of any unusual or different work than claimant was in the habit of performing but was brought about by claimant's arteriosclerotic heart disease; that there was no aggravating,

causal or precipitating relationship between claimant's work and his heart attack.

"It is therefore ordered that claimant's claim for compensation, both for temporary total disability and permanent partial disability be, and the same is hereby, denied."

■■■■ Claimant contends that the State Industrial Commission is not authorized to make a finding of fact that claimant did not sustain an accidental injury when all lay testimony indicates one did occur. The Commission did find that claimant suffered a heart attack, but that it was not the result of an accidental injury. The rule for the determination of the cause and extent of disability in a case of this nature has many times been stated by this Court. In J. J. Harrison Const. Co. v. Mitchell, 170 Okl. 364, 40 P.2d 643, 644, we said:

"It is the settled rule that where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons."

To the same effect see, Oklahoma Hospital v. Brown, 87 Okl. 46, 208 P. 785; James I. Barnes Const. Co. v. Hargrove, 167 Okl. 348, 29 P.2d 573; and City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094.

The claimant cites Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251, Carden Mining and Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969, and Clingan v. Shehorne, Okl., 331 P.2d 388, as controlling for the reason we recognized compensable disabilities attributable to heart conditions. These cases are distinguishable and not applicable as there was sufficient evidence in those cases for the Commission to find that the resulting heart disabilities were due or traceable to strain or exertion immediately attending the precipitation of the disabilities. In the case at bar the Commission found that the heart attack was not the result of any unusual or different work than claimant was in the habit of performing, but was brought about by claimant's arteriosclerotic heart disease and there was no aggravating, causal or precipitating relationship between claimant's work and his heart attack, and denied the claim for compensation for both temporary total and permanent partial disability and there is competent evidence reasonably tending to support the findings.

In this connection claimant contends that since the stipulation and receipt were filed it was binding on the respondents and cites in support of this contention Hannah v. Oklahoma State Highway Commission, 172 Okl. 221, 45 P.2d 53. In that case an order approving the stipulation was entered. In the case at bar, the stipulation and receipt were filed of record in the case, but no order was made by the Commission, approving the same. As pointed out in Great Atlantic & Pacific Tea Co. v. McHan, 162 Okl. 8, 18 P.2d 875, no order was made approving the stipulation and receipt and the mere filing of it did not determine the issue as to. compensable accidental injury.

Claimant also argues that the State Industrial Commission was without authority to deny him an award after the order for an examination and appointment of a neutral doctor by the Commission and the examination and report of such doctor worked to the complete disadvantage of the claimant. Title 85 O.S.1951, Sec. 27.1, gives the right to the State Industrial Commission, of its own motion, to order any claimant appearing before it to be examined by other physicians. Such an examination cannot be considered as beneficial or detrimental to either the claimant or the respondents, but is made for the purpose of supplying the trial judge with additional evidence.

The order was entered on April 4, 1958, and the examination was made as directed and a report filed with the State Industrial Commission on April 12, 1958. On May 14, 1958, Dr. T. was cross-examined by the attorneys for the claimant; and the order denying claimant's claim for compensation for temporary total disability and perma-

nent partial disability was entered on June 18, 1958.

While the claimant takes the position the trial judge decided the issues solely on the evidence of Dr. T., it is quite apparent that such contention is unfounded. Over thirty days after the cross-examination of Dr. T., the trial judge entered his order which states among other things, " * * * having considered the evidence and records, and being fully advised in the premises, finds :"

Inasmuch as there is competent evidence to support the findings and order of the State Industrial Commission, the order is sustained.