Johnny J. WALLER, Petitioner,

v.

SCHEDULED TRUCKWAYS and National Union Fire Insurance Company, Respondent.

No. 70304.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 21, 1989.

Rehearing Denied April 6, 1989.

Certiorari Denied June 15, 1989.

Lew Gravitt, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, for petitioner,

K. David Roberts, King, Roberts & Beeler, Oklahoma City, for respondent.

BAILEY, Chief Judge:

Petitioner seeks review of the Worker's Compensation Court's *en banc* order affirming the Trial Court's denial of Petitioner's claim for permanent partial disability from injury to heart. Petitioner suffered injury in June, 1985, when he fell on the job. Petitioner's fall was precipitated by a heart condition. Petitioner injured his neck and back in the fall. Petitioner filed his Form 3, claiming injury to his heart, neck and back arising out of and in the course of his employment.

At hearing in October, 1985, the Trial Court found that Petitioner "sustained accidental personal injury to the HEART, BACK AND NECK arising out of and in course of the employment," and that Petitioner was entitled to temporary total disability compensation therefor. No appeal was taken from the Trial Court's order. The issue of permanent disability was reserved for a later date, and Petitioner received TTD from January, 1986 until February, 1987. In February, 1986, Respondent's Motion to Terminate TTD was denied, and Respondent directed to provide further necessary medical treatment.

At subsequent hearing on permanent disability, the Trial Court accepted medical reports from Petitioner's physician, Dr. Loy, and Respondent's physicians, Dr. Livingston and Dr. Schmidt. The Court also had before it a report of a court-appointed physician, Dr. Maril. Dr. Loy's medical report found Petitioner to be 100% permanently disabled due to his heart, neck and back injuries. Dr. Livingston expressed no opinion regarding Petitioner's disability arising from the heart condition. Dr. Maril found aggravation of a previously existing heart condition by the employment, and rated Petitioner's PPD therefrom at thirty percent (30%). Dr. Schmidt found that "the cardiac problem in [Petitioner] is absolutely unrelated to his employment," but nevertheless found Petitioner suffering a Class II impairment from the heart prob-

lems, and rated Petitioner's disability at 20%. The Trial Court specifically found:

3. THAT claimant is not PERMANENTLY AND TOTALLY DISABLED.

.     .     .     .     .

5. THAT claimant's circulatory difficulty is not the result of a pathological change.

6. THAT claimant sustained no permanent partial disability to the HEART as a result of said injury.

■ On appeal to the Court *en banc*, the Trial Court's order was found neither contrary to law nor against the clear weight of the evidence, and was affirmed. In this review, Petitioner asserts that Dr. Schmidt's report, the *only* medical evidence indicating no compensable heart injury, is incompetent, as Dr. Schmidt premised his opinion on a finding of no job-related injury. This finding, Petitioner argues, is contrary to the previous unappealed and binding determination of accidental personal injury to the heart arising out of and in the course of the employment made by the Court at hearing on entitlement to temporary benefits. Petitioner also asserts that the medical evidence clearly established pathological changes to Petitioner's heart related to his employment.

We have reviewed the medical evidence introduced. In our view, Dr. Schmidt's medical opinion, notwithstanding the inconsistency between his finding of no causal relationship between Petitioner's heart condition and the employment and Dr. Schmidt's rating of Petitioner's permanent partial disability at 20%, is in substantial compliance with Rule 20, Rules of the Worker's Compensation Court, 85 O.S. 1981, Ch. 4, App. See also, *Perlinger v. J.C. Rogers Const. Co.*, 753 P.2d 905 (Okl. 1988); *Special Indemnity Fund v. Stockton*, 653 P.2d 194 (Okl.1982). The report includes all of the requisites of Rule 20(a) through (j). Cf., *Labarge v. Zebco, et al.*, 769 P.2d 125, 127 (1988). Dr. Schmidt's medical opinion is therefore competent.

■ However, and as argued by Petitioner, we believe that the prior unappealed determination by the Trial Court of acci-

dental personal injury to Petitioner's heart arising out of and in the course of the employment made at the time of the award of TTD is binding and conclusive of the issue in subsequent proceedings. See, *Wilson & Co. v. Reed*, 603 P.2d 1172 (Okl.App. 1979); *Hannah v. Oklahoma State Highway Commission*, 172 Okl. 221, 45 P.2d 53 (1935). Under those cases, the previous adjudication of "accidental personal injury arising out of and in the course of the employment" for purposes of temporary total disability precludes further inquiry into the question in subsequent proceedings on permanent disability. *Wilson & Co. v. Reed*, 603 P.2d 1172, 1174; *Hannah v. Oklahoma State Highway Commission*, 45 P.2d 53, 54. This is not to say that the Court, if supported by competent medical evidence, may find no permanent disability remaining after recuperation from a job-related injury for which temporary benefits have been paid. See, e.g., *Knapp v. State Indus. Comm.*, 195 Okl. 56, 154 P.2d 964 (1944). Thus, and as Judge Brightmire noted in *Wilson*, once it has been determined that a claimant has suffered a compensable injury within the coverage of the Worker's Compensation Act for purposes of temporary total disability, and that decision is unappealed, the only issue left for resolution is the degree of permanent disability remaining, if any, after the recuperative temporary disability period. 603 P.2d 1172, 1174.

■ The nature and extent of disability must be established by expert medical testimony. See, e.g., *Department of Public Safety v. Jones*, 578 P.2d 1197 (Okl. 1978). As we read the cases, the Worker's Compensation Court *must* fix disability within the range of disability established by competent medical evidence. See, i.e., *Green Country Restaurant v. Carmen*, 579 P.2d 1281, 1284 (Okl.1978); *AMF Tubescope v. Hatchel*, 547 P.2d 374, 380–381 (Okl.1976); *Raska v. Tulsa Tiling Service*, 397 P.2d 661, 663 (Okl.1964). In the present case, the Trial Court had previously determined that Petitioner had, in fact, suffered a job-related heart injury and *none* of the physicians found Petitioner to be zero percent (0%) disabled because of his

heart problems. The Trial Court's determination of no PPD is thus contrary to and unsupported by any of the medical evidence. The case should be remanded for a redetermination of PPD within the range established by the competent medical evidence, to include consideration of PPD due to injury to Petitioner's heart. *Perlinger v. J.C. Rogers Const. Co.*, 753 P.2d 905, 907 (Okl.1988); *Labarge v. Zebco, et al.*, 769 P.2d 125, 127.

That part of the order denying PPD for injury to Petitioner's heart is therefore VACATED, and the cause REMANDED for a redetermination of PPD to include consideration of disability due to heart injury within the range of disability established by the medical reports introduced into evidence.

GARRETT, P.J., and REYNOLDS, J. concur.