Chester THOMAS, Petitioner,

v.

ELEPHANT RUN, American General Fire & Casualty and The Workers' Compensation Court, Respondents.

No. 72511.

Supreme Court of Oklahoma.

July 9, 1991.

Bill Settle Settle & Landrum, Muskogee, for petitioner.

Dale F. Whitten Whitten, Davies and Layman, Tulsa, for respondents Employer and Insur. Carrier.

LAVENDER, Justice:

This case requires us to answer three questions: 1) may medical reports never offered or admitted into evidence at a hearing to determine temporary total disability (TTD) be considered by a three judge panel when reviewing a trial judge's decision to award TTD; 2) was a medical report admitted into evidence to support a claim of work-related temporary total disability (TTD) from August 28, 1987 to January 15, 1988 in substantial compliance with Rule 20 of the Workers' Compensation Court Rules, 85 O.S.Supp.1987, Ch. 4, App.;[1] and 3) if so, was there any competent evidence to support a decision of a three judge panel of the Workers' Compensation Court that petitioner was not entitled to TTD during this time period? We answer the first and third questions in the negative and the second in the affirmative.

---

1. The Workers' Compensation Court Rules were revised in 1990, effective November 1, 1990. 85 O.S.Supp.1990, Ch. 4, App., Rules 1–43. The Rules in effect at the time of the August 18, 1988 hearing were the 1987 Rules. All references to the Rules here will be to the 1987 Rules [85 O.S.Supp.1987, Ch. 4, App., Rules 1–36] unless otherwise indicated.

We initially note the first two issues have not been adequately framed by the parties in their appellate submissions. We must address them, however, because the ultimate issue for review is whether the panel-substituted decision taking away TTD during the relevant time period is supported by any competent evidence. *See Parks v. Norman Municipal Hospital,* 684 P.2d 548, 552 (Okla.1984) (when a panel-substituted decision is tendered for corrective appellate relief, it must be reviewed by applying the any-competent-evidence test of correctness).[2] To decide this issue we must determine what competent evidence was before the panel.

By order filed February 10, 1988, a trial judge found petitioner sustained a work-related injury to his right arm on August 13, 1986 while employed at Elephant Run Restaurant (respondent) and awarded TTD for a five week period in May and June 1987.

A Form 10, Pretrial Stipulation Offered By Respondent, had earlier been filed which admitted petitioner sustained an accidental injury in the course of employment. Future TTD and permanent disability, if any, were reserved.[3] The February 10th order appears to have been the result of an agreement between the parties and it was not appealed.[4] Petitioner requested additional TTD which was heard on August 18, 1988.

Petitioner was the only witness to testify. He testified his arm was injured while working as a chef for respondent when he attempted to open a freezer door that was frozen shut. Surgery was performed on his wrist in June 1988 for what was eventually diagnosed as carpal tunnel syndrome.[5] Petitioner continued to work for respondent after the injury until February 1987 and had intermittent work with other employers during the summer of 1987. He

2. The Court of Appeals in both its memorandum opinions noted petitioner was seeking a revisiting of our determination in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984) concerning the proper standard of appellate review when a panel substitutes its decision for one of a trial judge and adoption of Justice Wilson's dissent espoused in *Parks [Id.* at 552–553] that appellate review should consist of deciding whether the panel has properly carried out its statutory duty to reverse or modify a trial judge's decision under the clear weight of the evidence or contrary to law standard. To the extent petitioner does seek such a revisiting we adhere to our determination in *Parks* that the any-competent-evidence test is the appropriate standard of appellate review in such a situation and no adequate rationale has been presented warranting a retreat from the law of *Parks* in such regard.

3. In its review papers *to the three judge panel* respondent argued the initial order of February 10, 1988 acted as an adjudication of TTD *up to that date* and the reservation of future TTD only allowed consideration of TTD *after the date of said order.* In that the trial court allowed additional TTD *beginning* August 28, 1987 and the panel partially allowed TTD to stand *prior to* February 10, 1988, the argument was obviously rejected. Respondent does not reargue the issue on appeal and we, therefore, need not decide it because we determine it has been abandoned.

4. 85 O.S.Supp.1986, § 3.6(A) and (B) allow an appeal from a trial judge's order to a three judge panel or directly to this Court, respectively, within certain time limits. In that no appeal was taken from the February 10th order certain matters decided by it are no longer valid subjects of adjudication between the parties because unappealed issues decided therein have become binding and conclusive on the parties. *See Garcia v. Western Motor Freight,* 528 P.2d 304, 306 (Okla.1974). Included in the issues so decided would be the fact petitioner suffered a work-related injury while employed by respondent in August 1986. *Hannah v. Oklahoma State Highway Commission,* 172 Okla. 221, 45 P.2d 53, 54 (1935); *Waller v. Scheduled Truckways,* 775 P.2d 298, 300 (Okla.Ct.App.Div. 3, 1989). However, such order would not be conclusive on the primary issue raised by respondent at the August 18, 1988 hearing and continuously thereafter to the effect petitioner's additional TTD *was not* caused by the work-related injury, but by an injury unrelated to his employment with respondent.

5. Carpal tunnel syndrome is caused by compression of the median nerve which passes through the wrist to the hand. THE MERCK MANUAL OF DIAGNOSIS AND THERAPY 1444 (15th ed. 1987). Symptoms include numbness, tingling and pain in the hand and fingers, loss of sensory feedback from the hand and, consequently, decreased motor functioning of the hand, i.e. weakness and loss of grip. Armstrong, *An ergonomics guide to carpal tunnel syndrome,* found in U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, CARPAL TUNNEL SYNDROME SELECTED REFERENCES (March 1989). Although the syndrome is widely associated with occupations involving repetitive hand movements, its causes are varied, including one-time acute trauma to the wrist. *Id.*

did not work from August 28, 1987 until the date of hearing in August 1988.

On cross-examination testimony was elicited that appears to show petitioner was seen in an emergency room on August 2, 1986 and by Dr. R.P. (petitioner's treating physician) on August 6, 1986 with complaints of pain in his right arm, shoulder and leg. The testimony was elicited by questions referring to a medical report of Dr. R.P. dated August 21, 1987, never admitted into evidence, but contained in the workers' compensation court file, as an attachment to a form previously filed by petitioner. The circumstances surrounding the apparent visit to an emergency room are never explained in the evidence, nor in any other material contained in the record. It is impossible to determine whether the emergency room and Dr. R.P. visits were, in actuality, related to a prior episode unrelated to petitioner's job or whether the testimony elicited merely reflects a mistake as to the date petitioner had the accident at his job while trying to open the freezer door.

All medical evidence at the hearing was submitted by petitioner. It included two reports of Dr. R.P., one dated March 9, 1988 and one July 21, 1988. Also submitted was a report dated January 15, 1988 of a Dr. S.P., a physician petitioner was referred to by Dr. R.P. Respondent offered no medical evidence.[6]

Respondent objected to the two reports of Dr. R.P. as not containing any history of the work-related injury. In that only the report dated March 9, 1988 gives an opinion petitioner was TTD during the relevant time period we need not consider whether the objection to the other report of Dr. R.P. dated July 21, 1988 was valid. No such objection was interposed to the report of Dr. S.P. and respondent agrees here the report of Dr. S.P. suffices to support an award of TTD after January 15, 1988, the date of the report. Respondent voluntarily began paying TTD on June 10, 1988, the date of petitioner's surgery.

Intertwined with the objection to the reports of Dr. R.P. was the argument the August 21, 1987 report of Dr. R.P., contained in the court file, *but never offered or admitted at the August 18th hearing on TTD*, somehow raised the question of whether petitioner's TTD during the relevant time period (August 28, 1987 to January 15, 1988) was caused by the unexplained event which apparently necessitated a trip to the emergency room on August 2, 1986. The trial court admitted all of petitioner's medical evidence, taking note of the objection. Although no specific ruling was made by the trial judge the objection was obviously rejected because the trial judge awarded TTD during the relevant time period.

Respondent then sought review from the panel. Although never once mentioned during the hearing of August 18, 1988 and, consequently, *never offered or admitted at the hearing before the trial judge*, respondent attached to its review papers a November 17, 1987 report of Dr. R.P. contained in the court file, which respondent argues here also raised the same question whether TTD during the relevant time period was caused by the earlier unexplained event.[7] Respondent also attached to its review papers submitted to the panel the *unadmitted* August 21, 1987 report of Dr. R.P.

■ Initially, we must determine whether either of these reports could properly be considered in the determination of whether to award TTD during the relevant time

---

6. In its April 3, 1990 memorandum opinion the Court of Appeals indicates *respondent* introduced the January 15, 1988 report of Dr. S.P., *rather than petitioner.* This is incorrect. The transcript of the August 18, 1988 hearing *unequivocally shows the report of Dr. S.P., was offered by petitioner.*

7. Respondent, in its June 12, 1989 Brief of Respondent, states the November 17, 1987 report of Dr. R.P. was introduced into evidence by petitioner at the first hearing culminating in an award of TTD for the five week period in May and June 1987 via the order filed on February 10, 1988. Said order indicates a hearing was held on February 3, 1988. We have been provided no transcript of this earlier hearing nor any exhibits admitted there and nowhere does this record indicate the November 17, 1987 report was so admitted.

period. The answer is found in Rule 19 of the Workers' Compensation Court Rules. Rule 19, in part, provides that medical reports sought to be used as evidence in a hearing before a trial judge be attached by a party to an appropriate form (e.g. Form 9, Motion of Claimant to Set for Trial or Form 10, Pretrial Stipulation Offered by Respondent).[8] Rule 19 further provides in pertinent part, "[t]he attached medical report *shall not be considered as part of the evidence before the Court unless it is admitted at the subsequent trial.*" We have generally indicated in regard to the 1981 version of Rule 19 [85 O.S.1981, Ch. 4, App.], "[a]bsent an agreement or waiver, evidence in a workers' compensation case must be taken according to the rules." *Howard v. T.G. & Y. Stores, Inc.,* 725 P.2d 1262, 1263 (Okla.1986). The record reflects no agreement to consider the unadmitted reports and we fail to see how there could be a waiver in this situation. Therefore, the reports could not be considered as part of the evidence in the case, unless their attachment to respondent's review papers to the three judge panel somehow allowed consideration notwithstanding Rule 19.

Review by a three judge panel of a trial judge's decision is required to be *on the record* made before the trial judge. 85 O.S.Supp.1986, § 3.6(A). The review *does not* authorize introduction of additional evidence. *Parks v. Norman Municipal Hospital, supra,* 684 P.2d at 550 f.n. 7. *McSperitt v. Sooner Service, Inc.,* 431 P.2d 443, 444–445 (Okla.1967). Rule 28(A), specifically provides in part, "[a]ppeals to the three judge panel shall be strictly on the record made before the trial judge. *No new evidence shall be allowed.*"[9] In that the involved reports were not admitted into evidence before the trial judge they could not be considered as evidence by the three

judge panel, notwithstanding the fact respondent attached the reports to the review papers it filed with the panel, because they would constitute unallowable additional evidence.[10] We must next determine whether the March 9, 1988 report of Dr. R.P. contained an adequate history of the work-related injury in order for it to be given consideration to support the claim of TTD during the disputed time period (August 28, 1987 to January 15, 1988).

■ Rule 20 requires that medical reports of doctors contain certain information, including a detailed description of the present injury [Rule 20(a) ], the date and cause of the injury and whether it was work-related [Rule 20(d) ]. Although respondent has never cited Rule 20 as the basis of its history objection we believe its objection is based on a perceived failure of the March 9, 1988, report to adequately contain the information embodied in Rule 20(a) and (d). Respondent's objection is meritless.

The record made before the trial judge reveals the medical reports of Dr. R.P. and Dr. S.P. were received in evidence as a "package". As noted above Dr. R.P. *referred petitioner* to Dr. S.P. The January 15, 1988 report of Dr. S.P. (the report respondent indicates here *does* contain an adequate history of the work-related injury) is, in fact, *a letter of Dr. S.P. to Dr. R.P.* The March 9, 1988 report of Dr. R.P. indicates at the bottom of it that a letter from Dr. S.P. is enclosed with it. Furthermore, the other report of Dr. R.P. dated July 21, 1988, submitted as part of the "package", specifically refers to the January 15th report of Dr. S.P. and unequivocally indicates Dr. R.P. has been treating petitioner "since August 1986 for his workers' injury sustained while working for [respondent]". Under these circumstances we

---

**8.** A list of the forms used in workers' compensation cases is found at Rule 11 of the Workers' Compensation Court Rules.

**9.** The quoted material is now found at Rule 31(B), 85 O.S.Supp.1990, Ch. 4, App.

**10.** As noted, we do not believe the August 21 and November 17, 1987 reports could be considered part of the evidence in the case because

not admitted at the August 1988 hearing. However, even if they were subject to consideration we doubt whether they alone support the determination petitioner's TTD was caused by an accident unrelated to his employment for respondent. Both reports clearly contain the opinion of Dr. R.P. that the time period of TTD covered by them *was due to the injury he sustained while working at respondent.*

believe the history contained in the January 15th letter report of Dr. S.P. is a part of the March 9th report of Dr. R.P., history which respondent *admits* is adequate. It is, therefore, our view substantial compliance with Rule 20 exists and the attempt of respondent to separate the reports is simply invalid. In that the only medical opinion covering the involved time period is in the March 9th report and it unequivocally opines TTD during the disputed period, we must finally determine whether some other valid basis exists which would support the decision of the three judge panel to take away TTD during this time period and the COA's affirmance of that decision.

■ *Parks v. Norman Municipal Hospital, supra* explains the standard by which a court of appeals or this Court reviews an order of a three judge panel which substitutes its decision for one entered by a trial judge. The standard is whether any competent evidence exists to support the decision of the three judge panel. *Id.* at 552.[11] The only other source of evidence pointed to by respondent to support its position is certain testimony of petitioner elicited during cross-examination by respondent's counsel. The cross-examination concerned questions directed to the report of Dr. R.P. dated August 21, 1987. Apparently, the attempt by respondent's counsel was to show the TTD suffered by petitioner was related to an accident occurring on August 2, 1986, rather than the work-related accident of August 13, 1986. The attempt failed in our view and the testimony of petitioner does not provide competent evidence reasonably supporting the panel decision. Although like the unadmitted reports, there is some ambiguity in the testimony as to whether petitioner did have some type of accident predating his work-related accident the last question asked by respondent's counsel along these lines was whether this apparent previous injury was somehow "getting into this

case". The answer of petitioner was "no". As we view the testimony it simply does not provide competent evidence to support the decision of the panel to take away TTD during the relevant time period.

■ Normally, questions concerning whether someone is temporarily totally disabled and whether the condition is work-related require expert medical evidence. *See Bama Pie, Inc. v. Roberts,* 565 P.2d 31, 34 (Okla.1977); *see also Stiles v. Oklahoma Tax Commission,* 752 P.2d 800, 803 (Okla. 1987) (where there is a lack of competent evidence to oppose expert medical opinion of connection between work-related stresses and aggravation of arthritic condition resulting in TTD panel decision that claimant did not suffer work-related injury will be reversed). In that the report of Dr. R.P. dated March 9, 1988 is the *sole* evidence touching on the issue of whether petitioner was TTD during the relevant time period and read in context it is clear this report is providing an opinion that the TTD was related to the injury suffered by him at work for respondent in August 1986 the three judge panel's decision is unsupported by any competent evidence. There simply is no evidence which would support a determination petitioner's TTD was caused by any episode other than the work-related one occurring in August 1986. In such a situation, when a panel decision which reverses or modifies a trial judge's determination of a factual question is found to lack support by competent evidence it is subject to reversal. *See Stiles v. Oklahoma Tax Commission, supra,* at 803. Accordingly, the decision of the panel vacating the trial judge's decision in so far as it granted TTD from August 28, 1987 to January 15, 1988 must be reversed.

One final matter needs to be mentioned in regard to this case. The panel ruling also modified the trial judge's decision in so far as it awarded TTD as part of a lump sum from June 10, 1988, the date respon-

---

11. The three judge panel's order is not facially defective as the one involved in *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 552 (Okla.1984), for failure to contain the statutorily-mandated panel determination that the trial judge's determination regarding TTD was "against the clear weight of the evidence". *See* 85 O.S.Supp.1986. § 3.6(A). Unlike in *Norman,* therefore, we must decide whether the panel-substituted order is supported by competent evidence.

dent voluntarily began paying TTD to petitioner, to the date of the trial judge's order in August 1988. Petitioner admits the trial judge's decision in such regard was in error and the panel decision correct because respondent *voluntarily* began paying petitioner on June 10, 1988. Therefore, such part of the panel's decision is affirmed.

In conformity with the instant opinion, the decision of the Court of Appeals is VACATED, the three judge panel decision is REVERSED IN PART AND AFFIRMED IN PART and this matter is REMANDED for entry of an order awarding TTD consistent with the views expressed herein.

All Justices concur.