**UNITED DESIGN CORPORATION,**
**Petitioner,**

**v.**

**Rhonda LEMAY, and the Workers'**
**Compensation Court,**
**Respondents.**

**No. 79713.**

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 22, 1992.

Rehearing Denied Feb. 2, 1993.

Certiorari Denied April 14, 1993.

Cathy C. Barnum, Norman, for petitioner.

Richard A. Bell, Norman, for respondents.

## MEMORANDUM OPINION

JONES, Judge:

Employer petitions for review of an order of a Three Judge Panel sustaining an

order of the Workers' Compensation Court awarding permanent partial benefits to Claimant, Rhonda LeMay, after she was awarded temporary total disability benefits in a previous hearing.

The first order was issued on February 4, 1991. The trial court found Claimant suffered an occupational disease consisting of injury to the upper respiratory system and lungs due to continued inhalation of, and exposure to, harmful dust, smoke and fumes, which was characteristic of Claimant's employment with Respondent, and that the last injurious exposure to the hazard was September 15, 1990. A second hearing was held on the issue of permanent partial disability on January 29, 1992. The trial court acknowledged the prior order finding Claimant suffered an occupational disease consisting of injury to the lungs and upper respiratory system arising out of and in the course of her employment, and further found Claimant sustained twenty percent permanent partial disability to the body as a whole due to injury to the lungs. The order was sustained by a Three Judge Panel.

Petitioner presents three propositions of error for review: (1) whether the adjudication for temporary total disability is binding and conclusive of the issue of causation in a proceeding for permanent partial disability; (2) whether the trial court erred by not admitting Employer's evidence and admitting the medical report of Claimant's medical expert; and, (3) whether there was competent evidence to support the award for permanent partial disability.

█ The general rule in Oklahoma is that the previous adjudication of accidental personal injury arising out of and in the course of employment, for purposes of temporary total disability, establishes the issue of "causation", and precludes further inquiry into the question in subsequent proceedings on permanent disability. *See Waller v. Scheduled Truckways,* 775 P.2d 298 (Okl.App.1989); *Wilson & Co. v. Reed,* 603 P.2d 1172 (Okl.App.1979); *Hannah v. Oklahoma State Highway Commission,* 172 Okl. 221, 45 P.2d 53 (1935).

█ The issue of causation having been established in the trial on temporary total disability, the sole question in the second trial was the extent of permanent disability resulting from the previously adjudicated accident. Claimant sought to establish her permanent disability through the medical report of Dr. M. This report was admitted into evidence. Petitioner then offered the report of an industrial hygienist, David Trimberger, which was prepared from his personal knowledge and testing of Claimant's work environment. The trial court excluded this evidence. On an offer of proof, it was shown that Mr. Trimberger concluded the basis for which Dr. M established a permanent disability rating for Claimant was without any scientific foundation.

The trial court refused to consider Petitioner's evidence on the ground that it did not tend to establish whether Claimant sustained an accidental injury or an occupational disease, and was thus not relevant. We disagree. Trimberger's report was offered to refute Dr. M's report. It would have tended to establish that Claimant's exposure to the fumes was scientifically incapable of resulting in permanent partial disability, even though such exposure could result in some temporary disability. The excluded evidence was relevant for the purpose of specifically proving there was no scientific basis for Dr. M's conclusions. The competency of Dr. M's report could only have been determined after a review of Mr. Trimberger's report. The trial court erred by excluding this relevant evidence. We reverse and remand with directions to consider this evidence of Petitioner.

REVERSED AND REMANDED.

ADAMS, P.J., and GARRETT, J., concur.