**Joe P. ROGERS, Petitioner,**

v.

**PROFESSIONAL ERECTORS, State Insurance Fund, and Workers' Compensation Court, Respondents.**

**No. 88998.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 15, 1997.

Albert M. Morrison, William H. Brogden, Oklahoma City, for Petitioner.

D. Wade Christensen, Lori R. Roberts, Oklahoma City, for Respondents.

### *OPINION*

HANSEN, Presiding Judge:

¶1 Petitioner, Joe P. Rogers (Claimant), appeals from an order of a three judge panel affirming the trial court's order which found Claimant's liver conditions were not aggravated by his on-the-job accident, his temporary total disability ended December 20, 1995, and Respondent, Professional Erectors (Employer), was entitled to credit for overpayment of temporary total disability compensation. Claimant had pre-existing cirrhosis of the liver and hepatitis C. During the course of his employment, he suffered a fall which injured his spleen and stomach. He underwent surgery to repair his spleen.

¶2 In his Form 3, Claimant alleged consequential damage to the liver. His doctor, Dr. H, opined the injury "accelerated and aggravated his chronic hepatitis C," based on the observation that Claimant's condition had been diagnosed for two years but had not required medication until after the injury. Employer's doctor, Dr. Y, opined Claimant's "Hepatitis C and cirrhosis of the liver are pre-existing and have not been aggravated or accelerated by his employment," but did not state the reason for his conclusion. The trial court appointed Dr. M as an independent medical examiner (IME) with instructions to determine, among other things, whether "Claimant's liver condition has been aggravated by his job." Dr. M examined Claimant and issued his report, concluding the injury did not cause any damage to Claimant's liver.

¶ 3 Prior to trial, Dr. M lost his license to practice medicine. At trial, Employer offered Dr. M's report into evidence, and Claimant objected on the grounds of competency and probative value. The trial court admitted it as the court's own exhibit.

¶ 4 Claimant contends the trial court erred in admitting Dr. M's report because Dr. M was not qualified as a physician at the time of trial. We agree. Pursuant to Work. Comp.Ct.R. 20, 85 O.S.Supp.1995, Ch. 4, App., the medical report stands in the place of oral examination in open court of the physician as witness. It is not evidence until admitted by the trial court. *Thomas v. Elephant Run*, 1991 OK 72, 814 P.2d 496, 500. We hold the trial court erred in admitting the medical report of a witness who was not a licensed physician at the time of trial.

¶ 5 We must now consider whether the erroneous admission of the report constitutes reversible error. It is harmless error if "the information in that report is merely cumulative with a previously filed report or if admission of the report is harmless in effect when viewed in the context of the entire proceedings." *Howard v. T.G. & Y. Stores, Inc.*, 1986 OK 45, 725 P.2d 1262, 1263. The IME was appointed because there was a controversy as to causation of Claimant's liver condition. The trial court instructed him to answer specific questions to assist it in deciding the case. Although Employer offered Dr. M's report into evidence, the trial court admitted it as the court's own exhibit. For these reasons, Claimant's concern that the report may have been given more weight than other medical reports is well taken. We hold admission of the report was prejudicial and prevented Claimant from receiving a fair trial.

¶ 6 Accordingly, we **VACATE** the order of the three judge panel and **REMAND** this matter with instructions that the trial court appoint a new independent medical examiner and grant the Claimant a new trial on the issues of whether (1) his liver conditions were aggravated by his on-the-job accident, (2) his temporary total disability has ended, and (3) Employer was entitled to credit for overpay-ment of temporary total disability compensation.

JOPLIN, J., concurs.

BUETTNER, J., dissents.

BUETTNER, Judge, dissenting:

¶ 1 The issue here is whether a medical doctor, admittedly licensed at the time he examined Claimant and issued a report, is competent to testify at trial if he is no longer licensed as a medical doctor.

¶ 2 Without any authority or persuasive logic, the majority holds the testimony incompetent. The only authority relied on by Claimant is Workers' Compensation Court Rule 20 and 85 O.S. § 14. Section 14 defines "physician" as a person licensed by Oklahoma in several areas, including medical doctor. Rule 20 then allows expert testimony to be offered by a written medical report signed by a physician.

¶ 3 In this case, the IME was a licensed physician at the time of the examination of Claimant and at the time the medical report was signed. The medical report was therefore authorized to be admitted under Rule 20.

¶ 4 Appellant claims that the critical time to determine the witness's competency is when the report is offered into evidence. Rule 20 makes no such distinction.

¶ 5 Claimant cites no rule or other authority that had the IME appeared at trial, his testimony would have been incompetent. A change in a doctor's license status may occur for numerous reasons, including a move out of state, retirement, disciplinary proceedings, or death. The critical time for licensure is when the medical services are performed and, in the case of Rule 20, when the medical report is signed; not when the testimony is given.

¶ 6 Because the decision of the three-judge panel is supported by competent evidence, I would affirm.